INSURANCE COMPANY *v.* SEA.

1. The doctrine established and the rules laid down in *Flanders* v. *Tweed* (9 Wallace, 430), in *Norris* v. *Jackson* (Ib. 125), and in other cases decided since, as to the proper mode of bringing here for review questions arising in cases where a jury is waived and a cause submitted to the court, under the provisions of the act of March 5th, 1865, reiterated and adhered to.

2. The rules themselves again set forth in detail.

3. When there is nothing in the record to show specifically what was excepted to, but where all is general—as, for example, when at the end of the bill of exceptions and immediately preceding the signature of the judge, are the words " exceptions allowed," and nothing to indicate the application of the exceptions—so that the exception, if it amounts to anything, covers the whole record—this court will not regard the exception. *It should have presented specifically and distinctly the ruling objected to.*

ERROR to the Circuit Court for the Northern District of Illinois.

Sidney Sea sued the Springfield Fire and Marine Insurance Company upon a policy of insurance. On the trial a jury was waived, and the cause submitted to the court, under the provisions of the act of March 5th, 1865.* The plea was the general issue, with a stipulation by the parties that the defendant might offer any and every matter in evidence under it, with the like effect as though such matter had been specially pleaded. There was a general finding for the plaintiff, and judgment accordingly.

At the trial a bill of exceptions was taken, which embodied all the evidence. Several exceptions were entered to the rulings of the court upon the admission of testimony, but no one of these rulings was assigned here for error.

At the close of the testimony the defendant made the following objections to the finding of the issues for the plaintiff:

1. That the plaintiff's title was a conditional or equitable title, and not an absolute one, at the time the policy was

---

* 13 Stat. at Large, 501.

issued, and that there was such a concealment of the kind of title he possessed as to vitiate the policy.

2. That the conveyance of one of the houses and lots to Mrs. Sea, wife of the plaintiff, after the making of the policy and before the loss, without the consent or knowledge of the defendant, vitiated the policy.

3. That in the proofs the plaintiff had stated falsely that the property was his, when in fact one of the houses and lots belonged to his wife, and thereby the policy was rendered void. And the defendant asserted, as evidence of the fraud, that the plaintiff, in sending a copy of the contract to the defendant, had omitted from the copy sent the indorsement or memorandum on it showing that one lot had been transferred to Mrs. Sea.

4. That immediately after the fire, notice of the loss was not given, as required by the policy, to the defendant.

But the court held and decided—

1. That the plaintiff had an insurable interest in the property, notwithstanding he had not the absolute title, and that there was no such concealment of his actual interest or title as to vitiate the policy.

2. That however it might be as to the lot and building actually conveyed to Mrs. Sea, the fact of such conveyance did not render invalid the policy of insurance as to the other houses, though not communicated to the defendant.

3. That it did not appear from the evidence that in his proofs of loss the plaintiff had wilfully or intentionally falsely stated the title or his interest in the property; that he might have regarded it all as his, in one sense, though the title to one lot was in his wife.

4. That the company had waived any right it might originally have had to insist upon the fact that notice in writing of loss was not immediately communicated to the company.

At the end of the bill of exceptions, and immediately preceding the signature of the judge, are the words "exceptions allowed," without anything to indicate specially what was excepted to.

It was assigned for error that the court erred in ruling

upon each and all of the four points made upon the trial, as stated above.

*Mr. W. H. Swift, for the plaintiff in error; Messrs. H. G. Spafford, S. V. Niles, and E. Totten, contra.*

The CHIEF JUSTICE delivered the opinion of the court.

Much protracted litigation attended the settlement of mere questions of practice. under the act passed in 1824,* authorizing the trial of issues of fact by the courts of the United States, with the consent of parties, in Louisiana. To avoid a like experience under the act of 1865, it was deemed important by this court " to settle the practice under it at an early day with a precision and distinctness that could not be misunderstood," and to " require in all cases, where the parties saw fit to avail themselves of the privileges of the act, a reasonably strict compliance with its provisions."† Accordingly, as early as 1869, in the case of *Norris* v. *Jackson*,‡ after a very careful examination of the provisions of the act, the following construction was given to it:

1. If the finding be general, only such rulings of the court in the progress of the trial can be reviewed as are presented by bill of exceptions, or as may arise upon the pleadings.

2. In such case a bill of exceptions cannot be used to bring up the whole testimony for review any more than in a trial by jury.

3. That if the parties desire a review of the law involved in the case, they must either get the court to make a special finding which raises the legal propositions, or they must present to the court their propositions of law and require a ruling on them.

4. That objection to the admission or exclusion of evidence, or to such ruling on the propositions of law as the party may ask, must appear by bill of exceptions.

The construction of the statute and the practice under it have also been brought to the attention of the court in *Basset*

---

* 4 Stat. at Large, 62.   † Flanders *v.* Tweed, 9 Wallace, 430.   ‡ Ib. 125.

v. *United States,*[*] *Copelin* v. *Insurance Company,*[†] *Coddington* v. *Richardson,*[‡] *Miller* v. *Life Insurance Company,*[§] *Insurance Company* v. *Folsom,*[||] *Ohio* v. *Marcy,*[¶] *Cooper* v. *Omohundro,*[**] and *Crews* v. *Brewer,*[††] and it can certainly be said that in no one of these cases has there been any relaxation of the rules originally announced.

The practice having thus been distinctly and positively settled, it remains to consider its application to this case.

As no errors are assigned upon the rulings of the court admitting testimony, the exceptions to those rulings are not now before us.

No distinct proposition of law was in form presented to the court for adjudication and a ruling upon it asked. But by the stipulation of the parties the general issue was converted into all the appropriate special pleas that could be devised, with such subsequent pleadings as were required to present all the issues of law or fact that might properly be brought into the case.

The first, third, and fourth objections urged by the defendant against the finding of the issues for the plaintiff necessarily involved the determination of questions of fact. These were found against the defendant. That finding cannot be reviewed here. The action of the Circuit Court to that extent is final.

In the second objection it was insisted that the conveyance of one of the houses and lots to Mrs. Sea after the making of the policy and before the loss, without the consent of the defendant, vitiated the whole policy. As to this, the court held that, however it might be as to the lot and building actually conveyed to Mrs. Sea, the fact of such conveyance did not render invalid the policy of insurance as to the other houses, though not communicated to the defendant.

If a special exception, in proper form, had been taken to this ruling, we might possibly have been inclined to hold, under the stipulation in the case as to the pleadings, that it

---

[*] 9 Wallace, 40.     [†] Ib. 467.     [‡] 10 Id. 516.     [§] 12 Id. 295.
[||] 18 Id. 237.     [¶] Ib 552.     [**] 19 Id. 69.     [††] Ib. 70.

was equivalent to a special finding of the conveyance to Mrs. Sea, and a judgment notwithstanding in favor of the plaintiff for the value of the remaining houses covered by the policy. But there was no such exception. The words are "exceptions allowed." That is all. There is nothing specific. Everything is general. If the exception amounts to anything it covers the whole record. Such a practice never has been, and ought not to be, sanctioned by this court. Exceptions, to be of any avail, must present distinctly and specifically the ruling objected to.* A case ought not to be left in such a condition after a trial that the defeated party may hunt through the record, and if he finds an unsuspected error attach it to a general exception and thus obtain a reversal of the judgment upon a point that may never have been brought to the attention of the court below. Such a result might follow if the form of exception here adopted should be allowed. We are not inclined to depart from a rule which has so long been recognized here, and which has been found so beneficial to litigants as well as the court.

Judgment affirmed.

* Young v. Martin, 8 Wallace, 354.