Rex, J.
The questions presented for determination here, Arise upon exceptions taken:
1. To the ruling of the court' permitting the state, on ■cross-examination of witnesses produced and examined by the plaintiff in error, to interrogate them as to the general reputation of the person to whom the sale of the intoxicating liquor is alleged to have been made, for habits of intoxication, in the .neighborhood where the defendant lived, when no question had been asked in chief, by the plaintiff in error, in regard to his reputation in that behalf.
2. To the admission of evidence of the general reputa *586 tion of the person to whom the intoxicating liquor was sold, for habits of intoxication, in the neighborhood where the plaintiff in error resided, for the purpose of proving knowledge of that habit on his part.
3. To the instructions given by the court to the jury; and,
4. To the overruling of the motion to set aside the verdict and for a new trial.
The exceptions will be considered in the order named:
1. The rule contained in section 151 of the code of criminal procedure, on the subject of the order of the production of evidence, although directory merely, should be observed in all criminal trials; but if the court permitted evidence in chief to be given on the part of the state, on cross-examination of the witnesses of the plaintiff' in error, the judgment will not be reversed on that ground, unless it appears that there was such an abuse of discretion as to have deprived the plaintiff in error of a fair trial. Evans v. The State, 24 Ohio St. 458; Mea v. Missouri, 17 Wall. 582. It is plain that the discretion exercised in the present case was not of that character.
2. The court, in our opinion, did not err in the admission of the testimony excepted to. It appears from the bill of exceptions that evidence had been produced by the state showing that the person to whom the intoxicating liquor was sold was in the habit of getting intoxicated, and that he resided in the neighborhood of the plaintiff' in error. Evidence of his reputation in that regard was therefore properly admissible, as a circumstance tending to prove knowledge of that habit on the part of the plaintiff in error; and that this was the sole and only purpose for which the testimony was admitted, is evident from the instructions given by the court to the jury on this subject.
3. The charge, which is set out in the bill of exceptions, consists of several propositions, some of which are in accordance with law, and undoubtedly correct, and others of doubtful correctness. The exception is a general one, to the whole and every part of it. The argument, however, presents two points upon which it is claimed the court *587 erred: 1. In its definition of the word intoxication'; and, 2. In the instruction given as to what constitutes the habit of getting intoxicated. The exception being a general one,, did not call the attention of the court to the points now claimed to be erroneous, nor did it suggest to his mind what the counsel excepting would have him hold, nor wherein his charge was wrong.
It seems to be well settled both upon principle and authority, that in excepting to the charge of a judge the party excepting should, at the time, point out definitely the part, of the charge excepted to and state the grounds upon which he excepts; and it is equally well settled, that unless the exception directs the attention of the judge to the portion or proposition of the charge excepted to, and shows specifically and distinctly the grounds of the exception, a reviewing court is not bound to take any notice of the-exception, nor to look beyond the grounds of the exception thus stated.
In Bain v. Whitehaven and Furness Junction Railway, 3 House of Lords Cases, 16, Lord Brougham held: “It is necessary that when a party excepts to the reception of evidence, to the rejection of evidence, or to the direction of a judge given to the jury, whatever is the subject-matter of his exception, he must state the ground of his exception, otherwise he can not except. It is not enough for him to say: ‘ I except to the receiving of A’s evidence;’, or, ‘I except to the rejection of A’s evidence;’ or, ‘ I except to the first passage in the-direction given by the learned judge to the jury.’ In all these cases the ground of the objection must be clearly stated, and beyond the ground of the objection thus stated-the court is not bound to look.”
In Jones v. Osgood, 2 Seld. 233, it was held: “ A general exception ‘ to the whole charge of a court and to each part of it,’ when the charge contains more than a single proposition of law, and is not in all respects erroneous, presents no question for review on appeal.”
These rules, it is said, have their foundation in a just regard to the fair administration of justice, which requires *588 that when an error is supposed to have been committed there should be an opportunity to correct it at once, before it has had any consequences; and does not permit the party to lie by, without stating the ground of his objection, and take the chances of success on the grounds on which the judge has placed the cause, and then, if he fails to succeed, avail himself of an objection which, if it had been stated, might have been removed. Insurance Co. v. Sea, 21 Wall. 158; Jones v. Osgood, 2 Seld. 233.
We think these rules are correct in principle and properly .-apply to this case.
4. The remaining assignment of error is, that the Court of Common Pleas erred in overruling the motion to set aside the verdict and for a new trial.
The testimony, as reported in the bill of exception, does •not, in our opinion, present a case which would authorize us to say that the court below erred in overruling the motion on the ground that the verdict was not sustained by •sufficient evidence.

Judgment affirmed.

McIlvaine, C. J., Welch, White, and Gilmore, JJ., concurred.