**ED. SCHUSTER & CO., Inc., v. WILLIAMS, Internal Revenue Collector.**

(Circuit Court of Appeals, Seventh Circuit.    April 19, 1922.)

No. 3039.

Internal revenue ⟨key⟩7—State tax held not deductible from net income of corporation.

A surtax on corporation income imposed by a state Soldiers' Bonus Act passed in 1919, after the close of the federal income tax year of 1918, though based on the income return of the corporation to the state for the year 1918, *held* not a tax paid or accrued during the federal tax year of 1918, which the corporation was entitled to deduct from its net income for that year.

In Error to the District Court of the United States for the Western District of Wisconsin.

Action by Ed. Schuster & Co., Inc., against Burt Williams, Collector of Internal Revenue. Judgment for defendant, and plaintiff brings Error. Affirmed.

William Kaumheimer and Arthur W. Fairchild, both of Milwaukee, Wis., for plaintiff in error.

Newton K. Fox, of Washington, D. C., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge. Plaintiff in error, a Wisconsin corporation, with principal office at Milwaukee, duly made its return for the federal income tax for the year ending December 31, 1918. The return was on the "accrual" basis, and one of the deductions was of the income tax of the state of Wisconsin, at the rate in effect December 31, 1918.

July 30, 1919, the Wisconsin Legislature passed a Soldiers' Bonus Act, which provided for the raising of the entire bonus by one tax levy, of one mill on all assessed property for the year 1919, and a surtax over the normal tax, upon the incomes of corporations, upon the basis of Wisconsin income tax return for the calendar year 1918. Laws Wis. 1919, c. 667. The act by its terms did not become effective until ratification by a popular vote, which occurred October 10, 1919. The soldiers' bonus tax which this corporation was required to pay, on the basis of the 1918 return for state income tax, was not, and in the nature of things could not have been, included in its deduction of "reserve for taxes" in its federal income tax return for 1918, which it made in June, 1919. But upon the favorable vote on the act the corporation filed an amended income tax return for the year 1918, wherein its soldiers' bonus tax, payable on the basis of the Wisconsin income tax return, was additionally included in the deduction of "reserve for taxes," in its 1918 federal income tax return by which further deduction its federal income tax due the United States for the year 1918 would be reduced by nearly $10,000 below the tax as originally returned. Corresponding abatement from the tax as first returned was duly demanded, and the claim therefor duly rejected, on the ground that the soldiers' bonus tax did not accrue in 1918, and could not be included in reserve for taxes

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for that year, but that the deduction must be made from profits and income for the year 1919. The higher federal income tax rate for 1918, and perhaps larger income for that year, made it advantageous to the taxpayer to take the deduction from the 1918 profits, rather than from those of 1919.

The Federal Income Tax Law (Comp. St. Ann. Supp. 1919, § 6336⅛pp) provides:

"Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * *

"(3) Taxes paid or accrued within the taxable year imposed (a) by the authority of the United States, except income, war profits and excess profits taxes; or (b) by the authority of any of its possessions, except the amount of income, war profits and excess profits taxes allowed as a credit under section 238; or (c) by the authority of any state or territory, or any county, school district, municipality, or other taxing subdivision of any state or territory, not including those assessed against local benefits of a kind tending to increase the value of the property assessed."

The only question is whether the Wisconsin soldiers' bonus tax of 1919 accrued in 1918, so as to be deductible from the gross corporate income for 1918. The Bonus Act provided that the bonus fund be raised by a single levy of a one-mill tax on all property, and a stated surtax on all corporate incomes as returned to the state for the year 1918. It is not contended that the one-mill property tax accrued in 1918. But would this have been any more a tax accrued in 1918, had the act provided that the basis of its levy should be the property assessment for 1918? We think not. It was none the less a tax accruing in 1919, whether the basis of levy was the assessment of 1918 or of some earlier year.

There is no necessary relation between the basis for the levy, and the time of the accrual of the tax. Whether computed on a property assessment or a state income tax return, the tax did not accrue until it became a liability of the taxpayer. Since the act creating the tax was not passed until after the federal income tax year of 1918, this soldiers' bonus tax can in no sense be deemed to have accrued during the calendar year prior to that of its passage. United States v. Woodward et al., 256 U. S. 632, 41 Sup. Ct. 615, 65 L. Ed. 1131 (June 6, 1921).

This tax, not accruing in 1918, is not a proper item of deduction for that year, and the District Court correctly sustained the demurrer to the declaration filed in this suit to recover the paid tax from the collector of internal revenue.

The judgment is affirmed.