UNITED STATES v. NORWICH & W. R. CO.

(District Court, D. Massachusetts. December 17, 1926.)

No. 2755.

Internal revenue ⊜⟹7(3)—Income tax of owner, payable by lessee of railroad, held not income received during, nor taxable for, 1918, under Revenue Act of 1918.

Under Revenue Act 1918 (40 Stat. 1057), the income tax of the owner of a leased railroad for 1918 payable under the terms of the lease by lessee, and for which lessor did not become liable until the act became effective, February 24, 1919, if considered a part of its income and taxable as such, was not received by it during, nor taxable for, the year 1918.

At Law. Action by the United States against the Norwich & Worcester Railroad Company. Judgment for defendant.

Marcus Morton, Jr., Asst. U. S. Atty., of Boston, Mass., for the United States.

James S. Y. Ivins, of Washington, D. C., and Arthur W. Blackman and F. A. Farnham, both of Boston, Mass., for defendant.

MORTON, District Judge. This is an action by the United States to recover an excess income tax assessed against the defendant on its 1918 income. The facts are not in dispute and are covered by stipulation. They may be briefly stated as follows:

The Norwich & Worcester Company owns a railroad which is leased to the New York, New Haven & Hartford Railroad. By the terms of the lease, the lessee agreed to pay certain fixed sums and also to pay certain other items and charges, including all income taxes which might be assessed against the lessor.

For the calendar year 1918 the lessor returned as income the fixed payments which it received from the lessee and certain other small items which are not material in the present controversy. The act under which this income has been taxed was passed on February 24, 1919 (40 Stat. 1057)—a retroactive statute. The tax amounted to $28,-536.64. It was duly paid by the lessee. Thereupon the Commissioner assessed an additional tax of $3,425.74 upon the sum so paid, which is the tax here in dispute. The railroad company appealed, and the matter was duly heard by the Board of Tax Appeals, which decided against the government.

The present action was thereupon instituted to obtain a judicial decision upon the question.

If the government's right to the tax here claimed be sustained, the sum paid for this tax will constitute additional income of the defendant; on that income an additional tax would be assessable; the additional tax, when paid, would constitute further income of the defendant, on which another tax would be assessable; and so on. Counsel agree that, to compute the tax with mathematical precision, resort must be had to calculus. It is said in argument that, on one of the cases which depend upon this, the total amount of the tax, if computed according to the government's contention, will be over 200 per cent. of the entire income. The reply is made that the Commissioner's practice is to consider as income only the tax assessed on the lessor's original return.

Two points are made by the defendant: (1) That the payment of the first tax was not income received by it; (2) that, if it were income, it was not received during the calendar year 1918. The Board of Tax Appeals held for the defendant on the second ground stated. I have reached the same conclusion. It is mere fiction to say that payment of a tax, liability for which did not come into existence until February 24, 1919, and which was not assessed nor payable for some months after that date, constituted, on any view, income for the calendar year 1918. This was in effect decided in Schuster v. Williams, 283 F. 115 (C. C. A. 7th), and was held by the Board of Tax Appeals, in Appeal of L. S. Ayers & Co., 1 B. T. A. 1135. U. S. v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347, is not inconsistent with these decisions. In that case the act under which the taxes were assessed was in force during the year in question; all the facts and law necessary to the determination of the tax were in existence during that calendar year; and the taxpayer had set aside on its books a reserve for the tax. Upon such facts the Supreme Court held that the tax might be treated as having accrued in that year. It was a very different case from the present one.

It is unnecessary to pass upon the defendant's first point.

Judgment for defendant.