JAMES BLISS COOMBS ET AL., DIRECTORS OF FAJARDO SUGAR CO., AS TRUSTEES IN DISSOLUTION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20897.   Promulgated September 17, 1929.

*David A. Buckley, Jr., Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

280

OPINION.

PHILLIPS: It is contended by petitioners that the taxpayer was a resident of Porto Rico, that its income was derived from Porto Rico and subject to tax there and is not subject to the additional 4 per cent profits tax levied under the Revenue Act of 1917. Without stating the reasoning in detail, the brief of the petitioners states that their contention will be found in *Porto Rico Coal Co.* v. *Edwards*,

275 Fed. 104. There the Court held that a corporation organized under the laws of New York was subject to the tax in question although its income arose only in Porto Rico. To the same effect is the decision of the Court of Claims in *Ponce & Guayama R. R. Co.* v. *United States*, 66 Ct. Cls. 596. The reasoning of these decisions seems to us to answer fully the contention urged by the petitioners. The action of the Commissioner in subjecting the company to the 4 per cent additional tax imposed by the Revenue Act of 1917 is affirmed.

Under an act approved December 4, 1917, known as No. 59 of that year, the taxpayer became liable to pay to Porto Rico a tax upon its income for a fiscal year ended June 30, 1918. It paid $28,973.11 under that act. In filing its return with the Federal Government for a fiscal year ended July 31, 1918, it claimed that seven-twelfths of such payment accrued after January 1, 1918, and that it was entitled to a credit of that amount against the tax as computed under Title II of the Revenue Act of 1918. The Commissioner allowed six-twelfths of such amount as a credit. The Porto Rican tax was for a period ended June 30, 1918. Apparently there was no tax under this statute for July, 1918. Since six months of the year for which the Porto Rico tax was imposed fell in 1917 and six months in 1918, it would seem clear that if such tax is to be apportioned rateably (and no other basis is suggested) the Commissioner was correct in apportioning six-twelfths to 1917 and six-twelfths to 1918. In this respect the action of the Commissioner is affirmed.

By an act known as No. 80, approved June 26, 1919, Porto Rico imposed an income tax. Under such act the taxpayer became liable to pay, and did pay, a tax of $73,697.57 to Porto Rico upon its income for the period from January 1 to July 31, 1918. The fiscal year here involved terminated on the latter date. It claimed such amount as a credit under section 222(a) of the Revenue Act of 1918. This section provides in effect that the tax of a citizen or resident of the United States shall be credited with the amount of any income tax paid to a possession of the United States. The term "paid" is defined in section 200 to mean "paid or accrued" or "paid or incurred," such terms to be construed according to the method of accounting employed in computing net income. The parties have stipulated that the books of the petitioner were kept upon the accrual basis. The question then is whether the tax imposed by the Porto Rico statute accrued during the taxable year. Obviously the tax was not an obligation at the close of the taxable year, for the statute imposing it was not passed until some months later. In this respect the case is unlike *United States* v. *Anderson*, 269 U. S. 422, and *Ernest M. Bull, Executor*, 7 B. T. A. 993, cited by the petitioners.

There the liability for the tax arose under an act in force during the taxable year. A situation similar to that in the instant case arose in *Schuster & Co.* v. *Williams*, 283 Fed. 115, where the State of Wisconsin on July 30, 1919, imposed a tax upon incomes for the year 1918. The question there was whether such tax accrued in 1918, so as to constitute a deduction from income of that year where taxpayer was on an accrual basis. The court held that it did not. To the same effect see *Norwich & Worcester R. R. Co.*, 2 B. T. A. 215, and *United States* v. *Norwich & Worcester R. R. Co.*, 16 Fed. (2d) 944. On the authority of these decisions the action of the Commissioner is affirmed.

*Decision will be entered for the respondent.*