ATLAS MIXED MORTAR COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33081.  Promulgated May 14, 1931.

*R. W. E. Cole, C. P. A.,* for the petitioner.
*R. W. Wilson, Esq.,* for the respondent.

OPINION.

McMahon: The sole question here presented is whether the respondent erred in disallowing as a deduction from gross income of

the petitioner for each of the fiscal years ended March 31, 1923, and March 31, 1924, an amount of $10,000 which the petitioner apparently estimated to be the cost of refilling that portion of the sand pit excavated in each of those years and credited to a reserve.

In *William J. Ostheimer*, 1 B. T. A. 18, we held that a lessee of chattels is not authorized by the Revenue Act of 1918 to take as deductions amounts set aside as reserves each year in anticipation of liability under the terms of the lease to replace the property as good as new when the leased property was returned to the lessor, but that the lessee might deduct only the amounts actually expended or *for which liability had actually been incurred during each taxable year*. In that case we stated:

* * * Since the taxpayer kept his books on the accrual basis, all deductions allowable in determining his net income should be on that basis, including his contractual obligation under the terms of the lease. In order that an item may be accrued, however, a liability must actually be incurred in the taxable year. *Schuster & Co.* v. *Williams*, 283 Fed. 115. The statute recognized the accrual basis of making returns by providing for the deduction of expenses *incurred* but not paid. It is apparent that no liability in praesenti was incurred under the terms of the lease in question in the years 1918 and 1919 however well known it might have been that a liability in some amount would be incurred at some time in the future. The liability to restore chattels as good as new or as good as when received when a lease is ultimately canceled or surrendered at some indefinite or indeterminate time in the future is not a present actual liability, and is not the actual incurring of an expense or liability.

While it might have been sound business practice on the part of the taxpayer to set up a reserve out of his income to meet a *future* liability, such a reserve is not deductible in determining net income. The revenue laws prior to the 1921 Act have never recognized reserves as being deductible from gross income in determining net income except in the case of insurance companies. In the Revenue Act of 1921 specific provision was made for the deduction of reserves for bad debts. If reserves had been deductible under the general provisions of the Act it would not have been necessary to make specific provision for the deduction of particular reserves in the case of insurance companies or for bad debts. The statute specifies what deductions are allowable and, except in the case of insurance companies, no provision is made in the 1918 Act for the deduction of a reserve as such. Items of expense must actually have been paid or liability therefor incurred in order to be deductible under that Act.

* * * * * * *

See also *Sunset Color Works*, 21 B. T. A. 304; *Jacob F. Brown et al.*, 18 B. T. A. 859; *Southern Tire & Rubber Co.*, 18 B. T. A. 210; and *Seabright Woven Felt Co.* v. *Ham*, 38 Fed. (2d) 114, all of which cite the *Ostheimer* case with approval. See also *Lucas* v. *American Code Co.*, 280 U. S. 445.

The above reasoning with regard to the Revenue Act of 1918 applies with equal force to the Revenue Acts of 1921 and 1924 with which we are here concerned. There are no provisions in those acts

allowing this petitioner to take as deductions any amounts, the liability to pay which had not been incurred in the taxable years in which the deductions are sought to be taken. So far as the record shows in the instant proceeding, the petitioner had not incurred any liability in the taxable years in question for the payment of amounts to refill the sand pit. Furthermore, even if we were to assume that there was some liability incurred by the petitioner to pay amounts for refilling the sand pit, or that some expenditure was reasonably certain, and that this liability was admitted by the petitioner, the petitioner would still not be entitled to the claimed deductions, for the reason that it has not shown that the amount which it would have to pay was reasonably predictable or that the amounts claimed were approximately accurate estimates of the liability. See *Lucas* v. *American Code Co., supra.*

Reviewed by the Board.

*Judgment will be entered for the respondent.*