YOST AUTO COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43815. Promulgated July 20, 1932.

*P. R. Strout, C. P. A.*, for the petitioner.
*P. A. Bayer, Esq.*, for the respondent.

## OPINION.

MATTHEWS: The petitioner in this case is protesting the disallowance by the respondent of a deduction from gross income for 1927 in the sum of $1,400. This amount is entered on its books under its account for tires as "reserve for seven buses" and in his report to the stockholders for the year 1927 the general manager of the petitioner corporation explains this entry as follows:

During the year, most of the tires on our stage equipment were used up and replaced with contract tires of the Firestone Tire & Rubber Company. For the purpose of replacing these buses with our own rubber at such future time as this may become necessary, a reserve fund for this purpose was set up to the amount of $1,400.00 and charged to tire operation expenses. After including this item in our cost of tires for the year, the tires cost us 1.27 cents per mile, as compared with 1.33 per mile for the previous year.

We have found that the petitioner did not purchase any tires during the year 1927 and the items aggregating $2,886.44 which were charged to the account for tires in 1927, in addition to the reserve fund of $1,400, represented payments made to the Firestone Tire & Rubber Company under a contract whereby the Firestone Company furnished tires to the petitioner at an agreed rate per bus mile. This contract was to run to May 1, 1928, and it was provided that the petitioner might continue to use the hired tires at the rate specified for an additional period of 120 days before purchasing them in accordance with the terms of the contract, which are more fully set out in our findings. Seven buses were equipped with hired tires in 1927. The general manager of the petitioner corporation testified that the reserve for tires in the sum of $1,400 represented an estimate of the amount petitioner would have to pay the Firestone Company for the hired tires at the expiration of the contract.

The statute provides that expenses paid *or incurred* during the taxable year shall be allowed as deductions in computing net income. Under the accrual system of bookkeeping items of expense may be accrued where they represent obligations or expenses definitely incurred, but liabilities or expenses will be considered to have accrued only when all the events have occurred from which liability or expense can be determined and become fixed. *Naitove & Co.* v. *Commissioner*, 32 Fed. (2d) 949, affirming 8 B. T. A. 589.

In *William J. Ostheimer*, 1 B. T. A. 18, a lessee of chattels sought to take as a deduction amounts set aside as a reserve in anticipation of liability under the terms of the lease to replace the leased property. It was held that only the amounts actually expended or for

which liability had actually been incurred during the taxable year may be deducted. See also *Atlas Mixed Mortar Co.*, 23 B. T. A. 245; *Schuster & Co. v. Williams*, 283 Fed. 115; *Seabright Woven Felt Co. v. Ham*, 38 Fed. (2d) 114; *Lucas v. American Code Co.*, 280 U. S. 445.

Even if we concede that, under the circumstances of the instant case, business prudence may have justified the petitioner's setting up in 1927 of a reserve for tires, it is clear that no liability *in praesenti* was incurred in the taxable year. It appears that a liability to purchase tires in some amount would be incurred at some time in the future, but reference to the provisions of the contract, which expired on May 1, 1928, but might be continued at the petitioner's option on the same basis for 120 days thereafter, shows how indefinite, on the evidence presented, is the obligation of the petitioner to make any payment under the contract at its termination. We conclude that the reserve for tires is not deductible in determining net income for 1927.

*Judgment will be entered for the respondent.*