## UNION BLEACHERY v. UNITED STATES.
### No. 3688.

Circuit Court of Appeals, Fourth Circuit.

Oct. 8, 1935.

Leo Brady, of New York City (Barber, Fackenthal & Giddings, of New York City, Haynsworth & Haynsworth, of Greenville, S. C., and William H. Matthews, Jr., of New York City, on the brief), for appellant.

James E. Murphy and Frank J. Ready, Jr., Sp. Assts. to the Atty. Gen. (Frank J.

Wideman, Asst. Atty. Gen., Sewall Key, Sp. Asst. to the Atty. Gen., and Charles C. Wyche, U. S. Atty., of Greenville, S. C., on the brief), for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in an action instituted to recover a portion of the income and excess profits taxes paid by a corporate taxpayer for the years 1916 to 1919 inclusive. The judge below, who heard the case without a jury, made specific findings of fact in 24 separately numbered paragraphs and stated fully and specifically his conclusions as to the law governing the case. He found that the plaintiff, the Union Bleachery, on July 1, 1922, had succeeded to the rights and assets of its predecessor corporation, the Union Bleaching & Finishing Company; that the net income of the latter corporation for the year 1916 was $104,659.93, upon which a tax in the amount of $2,093.20 was lawfully assessed and collected; that its net income for the year 1917 was $166,952.37 upon which a tax in the amount of $48,952.37 was lawfully assessed and collected, $4,252.78 of the taxes paid for that year in addition to the sum named having been refunded by credit or otherwise; that its net income for the year 1918, after making all proper adjustments, was $145,957.77, upon which there had been an overpayment of taxes in the sum of $5,840.23; and that its net income for the year 1919 was $250,756.35 upon which $81,327.94 was lawfully assessed and collected, $712.23 of the taxes paid for that year in addition to the sum named having been refunded by credit or otherwise. Judgment was rendered in favor of plaintiff for the sum of $5,840.23, the amount overpaid on the 1918 taxes, "together with interest upon $641.41 thereof from February 15, 1928 and upon the balance thereof, $5,198.82, from December 15, 1919, at the rate of 4% per annum as provided by law."

Plaintiff has appealed from the judgment, and its assignments of error complain of four principal matters: (1) That sufficient depreciation was not allowed on its property for the tax years in question; (2) that certain expenditures for replacements should have been deducted from income as ordinary and necessary expenses of the business, instead of being charged, as they were, to capital account; (3) that the reserve for depreciation should not have been deducted from surplus in determining invested capital; and (4) that the court did not make a sufficient allowance for the amortization of the cost of war facilities in determining the income of the year 1918.

The record before us shows that the judge below heard evidence with respect to all of the matters complained of and found the facts specifically as to each of them. See findings, XVII, XVIII, XIX, XX, and XXIII. In his third conclusion of law, he specifically ruled that the invested capital of the taxpayer was correctly determined, and that the depreciation reserve was correctly excluded therefrom. Plaintiff, however, filed no exceptions to any of the findings of fact or conclusions of law of the judge, and did nothing which would properly challenge the correctness of the conclusions or the sufficiency of the evidence to support the findings. The only thing in the record in the nature of an exception is that, at the conclusion of the testimony, one of government counsel stated that when filing his brief he would make a request for special findings, and that, thereupon, the court stated "All rights will be thoroughly protected for an appeal. I will allow an exception in the event the ruling is adverse to either side." Plaintiff relies upon this statement of the judge as warranting its raising in this court any question of fact or law which might have been raised in the court below; and proceeds to argue the case as though we were hearing it de novo, upon the facts as well as upon the law.

It is well settled, of course, that the findings of the trial judge in a case such as this have the effect of the verdict of a jury, and that, even where properly excepted to, they will not be disturbed if supported by any substantial evidence. It is equally well settled that we will not review the findings of fact to ascertain whether they are supported by substantial evidence, or pass upon questions of law not apparent upon the face of the primary record, unless the attention of the court below has been directly drawn thereto and right of review has been preserved by exceptions duly and seasonably entered. Eastman Kodak Co. v. Gray, 292 U. S. 332, 54 S. Ct. 722, 78 L. Ed. 1291; Arthur C. Harvey Co. v. Malley, 288 U. S. 415, 417, 53 S. Ct. 426, 77 L. Ed. 866; Lewellyn v. Electric Reduction Co., 275 U. S. 243,

248, 48 S. Ct. 63, 72 L. Ed. 262; Fleischmann Const. Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Pocahontas Coal & Coke Co. v. Cook (C. C. A. 4th) 74 F.(2d) 878; People's Bank of Keyser v. International Finance Corporation (C. C. A. 4th) 30 F.(2d) 46, 47; Darby v. Montgomery County Nat. Bank, 63 App. D. C. 313, 72 F.(2d) 181; Humphreys v. Third Nat. Bank (C. C. A. 6th) 75 F. 852. As pointed out by the Supreme Court in Arthur C. Harvey Co. v. Malley, supra, we are without power to review the judgment of the court below except in the manner prescribed by statute (R. S. § 700, as amended, 28 USCA § 875), and the statute permits review of the rulings of the court only "if excepted to at the time."

The mere statement of the judge that all rights on appeal would be protected and that he would allow an exception in the event the ruling should be adverse to either side did not obviate the necessity of entering specific exceptions to such rulings and findings as were objected to. Giving to the statement of the judge the greatest possible effect, it could amount to no more than the allowance of a general exception to the adverse judgment and findings; and the rule is well settled that such a general exception is not sufficient to bring specific findings and rulings up for review. Fleischmann Const. Co. v. United States, supra, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; United States v. United States F. & G. Co., 236 U. S. 512, 529, 35 S. Ct. 298, 59 L. Ed. 696; Springfield F. & M. Ins. Co. v. Sea, 21 Wall. 158, 162, 22 L. Ed. 511; Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; Highway Trailer Co. v. City of Des Moines (C. C. A. 8th) 298 F. 71; United States v. Atchison, T. & S. F. R. Co. (C. C. A. 8th) 270 F. 1, 4; Arkansas Bridge Co. v. Kelly-Atkinson Const. Co. (C. C. A. 8th) 282 F. 802, 804; Cyclopedia of Federal Procedure, vol. 6, p. 68.

This rule requiring specific exceptions is not an arbitrary or technical one. Its purpose is to require counsel, at the proper time, to call attention to the claimed error with such certainty and definiteness that the court will understand clearly the precise action which is attacked, or the precise action which is sought to be obtained, and will have opportunity to correct its ruling with respect thereto if convinced that it is erroneous. The vice of a general exception is that it calls the attention of the court to nothing except that the defeated litigant is not satisfied with the judgment against him. As said by Chief Justice Waite in Springfield F. & M. Ins. Co. v. Sea, supra, where the court allowed a general exception: "If the exception amounts to anything it covers the whole record. Such a practice never has been, and ought not to be, sanctioned by this court. Exceptions, to be of any avail, must present distinctly and specifically the ruling objected to. A case ought not to be left in such a condition after a trial that the defeated party may hunt through the record, and if he finds an unsuspected error attach it to a general exception and thus obtain a reversal of the judgment upon a point that may never have been brought to the attention of the court below. Such a result might follow if the form of exception here adopted should be allowed. We are not inclined to depart from a rule which has so long been recognized here, and which has been found so beneficial to litigants as well as the court."

We think it not improper to say. however, that we have carefully examined the record before us, and we are convinced that the plaintiff would be in no better position if the points upon which it relies had been properly raised and preserved by exceptions duly noted. The holding of the trial judge that the reserve discount should be deducted in determining invested capital was clearly correct; and the findings of fact of which complaint is made had substantial support in the testimony and would be binding upon us even if they had been properly excepted to.

There are two minor matters, however, apparent upon the face of the record, as to which the judgment below should be modified. In the first place, the judgment bears interest at 4 per cent. As it was entered on January 18, 1933, this was correct under the statute then in force (Act June 30, 1932, § 319); but that statute has been repealed by the Act of March 3, 1933, § 14, 47 Stat. 1489, 1517 (26 USCA § 1671 (a), and the repealing statute has been given retroactive effect. Under these circumstances, the judgment should be modified so as to provide for 6 per cent. interest. It is conceded, also, that there was error in that part of the judgment which provides that interest on the $641.41 should run from February 15, 1928. As this amount was paid by a credit of taxes

552

paid for 1917, the interest should run from the time when the taxes for that year were paid, i. e., from June 15, 1918. The judgment appealed from will be modified as here indicated; and, as thus modified, it will be affirmed.

Modified and affirmed.