**PELHAM MILLS v. UNITED STATES**
(five cases).
Nos. 3681–3685.

Circuit Court of Appeals, Fourth Circuit.
Oct. 8, 1935.

Leo Brady, of New York City (Barber, Fackenthal & Giddings, of New York City, Haynsworth & Haynsworth, of Greenville, S. C., and William H. Matthews, Jr., of New York City, on the brief), for appellant.

James E. Murphy and Frank J. Ready, Jr., Sp. Assts. to the Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Sp. Asst. to the Atty. Gen., and Charles C. Wyche, U. S. Atty., and Oscar H. Doyle, Asst. U. S. Atty., both of Greenville, S. C., on the brief), for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

These are appeals in five actions instituted in the court below to recover alleged overpayments of income and excess profits taxes for the years 1917, 1918, and 1919. The errors urged in the brief of appellant, plaintiff in the court below, are: (1) That too low a valuation of plaintiff's property was adopted as a basis for computing depreciation in determining taxpayer's income; (2) that too low a rate of depreciation was adopted; (3) that certain payments made by taxpayer to its officers were erroneously held to be dividends and not salaries deductible as expense; and (4) that the depreciation reserve should not have been deducted in determining invested capital. The last matter involves a proposition of law which we think was correctly decided, and all of the others are covered by findings of fact, which an examination of the record convinces us are amply supported by the testimony.

We cannot pass upon the questions which appellant attempts to raise before us, however, for the reason that the right of review was not preserved by proper exceptions entered in the court below. The case on this point is in all respects like that of Union Bleachery v. United States (C. C. A.) 79 F.(2d) 549, this day decided, except that, after the judge below had made his findings of fact and conclusions of law in each of the cases, plaintiff moved for a new trial and requested specific findings of fact and conclusions of law embodying its contentions. The motion for rehearing was later denied, and final judgments were entered for the government in all of the cases; but no attempt was made then or at any other time to enter exceptions to the denial of any of the requests for findings or holdings. The only thing in the nature of an exception was the statement of the judge at the conclusion of the evidence in the Union Bleachery Case to which we have referred in the opinion in that case; but, assuming that the language there used was intended to have application to these cases as well as to that, it amounted to no more than a general exception, and, for the reasons set

forth in the opinion in the Union Bleachery Case, could not bring any specific ruling up for review.

The judgments entered are supported by the findings of fact, and same will accordingly be affirmed.

Affirmed.