chapter, and in accordance with such section issue a new compensation order." It is sufficient if proceedings were *begun* within the year.

█ The appellants further argue that, even if the memorandum of May 3, 1932, is not a final order or award, nevertheless it is a formal approval of a final settlement of the claim. But section 915 expressly provides that: "No agreement by an employee to waive his right to compensation under this chapter shall be valid." This section prevents any private settlement of a claim between the employer and the employee. Lumber Mutual Casualty Insurance Co. v. Locke, 60 F.(2d) 35 (C.C.A.2); Southern S. S. Co. v. Sheppeard, 34 F.(2d) 959 (D.C.S.D. of Texas).

█ The memorandum was not a final order or award, but, even if it had been, the deputy commissioner had power to reopen the claim (33 U.S.C.A. § 914 (h), and the alleged final settlement was of no effect.

The order of the District Court is therefore affirmed.

Leo J. Sandmann, Edwin Miller, and Robt. F. Woerner, all of Louisville, Ky., for appellants.

Bunk Gardner, U. S. Atty., of Louisville, Ky., for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

PER CURIAM.

There being no reviewable question presented on the record in this cause because the appellants neither requested findings of fact or conclusions of law on the trial of the case nor excepted to any finding or conclusion made by the trial court [Oyler v. Cleveland, C., C. & St. L. Ry. Co., 16 F. (2d) 455 (C.C.A.6); Thomas E. Basham Co. v. Lucas, 30 F.(2d) 97 (C.C.A.6); United States v. New York, C. & St. L. R. Co., 32 F.(2d) 887, 889 (C.C.A.6); Union Bleachery v. United States, 79 F.(2d) 549, 102 A.L.R. 204 (C.C.A.4)], it is ordered that the judgment be affirmed.

## KLINELINE v. UNITED STATES.
### No. 7051.

Circuit Court of Appeals, Sixth Circuit.

June 30, 1936.

## REINHARTS, Inc., v. CATERPILLAR TRACTOR CO.
### No. 7636.

Circuit Court of Appeals, Ninth Circuit.

Sept. 8, 1936.

