## UNION BLEACHERY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4295.

Circuit Court of Appeals, Fourth Circuit.

June 6, 1938.

Benjamin Mahler, of New York City, for petitioner.

Frank J. Ready, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before NORTHCOTT and SOPER, Circuit Judges, and WAY, District Judge.

NORTHCOTT, Circuit Judge.

This is a petition to review a decision of the United States Board of Tax Appeals involving deficiencies in income tax of the Union Bleaching & Finishing Company for the year 1920 in the sum of $6,605.45; for the year 1921 of $3,439.87 and for the period January 1, to June 30, 1922, of $63.90, and a deficiency in income tax of the Union Bleachery for the period June 30, to December 31, 1922, of $152.38, altogether totaling $10,261.60. The Board rendered its decision and entered its first order March 30, 1937. On June 22, 1937, petitioner's motion for withdrawal of entry of judgment and reconsideration and review by the entire Board was filed and denied in part and taken under advisement in part on June 25, 1937. This motion was finally disposed of by the Board's decision and order of July 12, 1937.

The Union Bleaching & Finishing Company was a New Jersey corporation engaged in the business of bleaching and finishing sheetings and shirtings, with its main office at Greenville, South Carolina. Union Bleachery, here referred to as the petitioner, is a South Carolina corporation organized in June, 1922. On or about July 1, 1922, the petitioner acquired all the assets of the New Jersey corporation. The two companies had the same capital stock of the aggregate par value of $400,000, and the stock of the new company was exchanged for the stock of the old company. After the petitioner succeeded to the business of the old company the business was continued by the petitioner with substantially the same assets, the same stock-

holders, and the same officers and directors. The net value of the assets of petitioner's predecessor taken over by petitioner on July 1, 1922, exceeded the liabilities then assumed in an amount greatly in excess of the tax liability involved here. The stockholders of the New Jersey corporation voted to dissolve that company on August 24, 1922, and a certificate of dissolution was filed with the Secretary of the State of New Jersey November 25, 1922.

Income tax returns were filed in the name of the New Jersey corporation for the years 1920 and 1921 and the period January 1 to June 30, 1922, and in the name of the petitioner company for the period June 30 to December 31, 1922. Between February 27, 1926, and March 1, 1926, a waiver of the period of limitation, as to the taxes here involved, until December 31, 1926, was filed. This waiver was signed "Union Bleachery, successors to Union Bleaching & Finishing Co. Taxpayer."

Between December 10, 1926, and December 13, 1926, another waiver of the period of limitation until December 31, 1927, was filed. This document was signed, as was the other waiver, by the petitioner as successor to the Union Bleaching & Finishing Company; the latter waiver also bore the seal of the petitioner company.

Under date of January 9, 1928, a claim was filed by "Union Bleachery, successors to Union Bleaching & Finishing Company," for refund of $8,000 taxes paid during the period January 1 to December 31, 1922. The claim was executed by "Union Bleachery, successors to Union Bleaching & Finishing Co."

In the course of dealing with the Department of Internal Revenue with respect to taxes of the two companies a number of claims for refund and waivers of the periods of limitations had been filed, signed "Union Bleaching & Finishing Company, Union Bleachery, successors."

During the years 1920 and 1921 the New Jersey company incurred expenses in connection with machinery, equipment and buildings to the extent of $102,659.90 all of which was debited, on its books of account, to reserve for depreciation, in accordance with an accounting practice which had been followed for many years. The petitioner and its predecessor company kept their books on an accrual basis.

On March 13, 1922, the State of South Carolina enacted a law imposing a tax upon all incomes earned in that State during the year 1921 and subsequent years. Pursuant to this law the old company paid, in 1922 to the State of South Carolina, a tax amounting to $33,572.77, one-third of the amount shown to be due the United States for the year 1921 and $2,686.24, one-third of the amount shown to be due the United States for the first six months of the year 1922. In its return rendered to the United States for the period January 1, 1922 to June 30, 1922, the old company took as a deduction against the income for the said period the sum paid the State of South Carolina. No deduction was claimed for any part of this sum in its income tax return to the United States for the year 1921.

In 1929 the petitioner sued the United States, in its own name, in the United States District Court, for the recovery of overpayments in income tax by its predecessor for years prior to petitioner's organization, alleging the right to said overpayments by reason of, among other things, the taking over of the assets and the assumption by it of the liabilities of its predecessor, claiming to be successor in interest to the Union Bleaching & Finishing Company, dissolved. Notwithstanding the defense that the petitioner was not a proper party to maintain such action, the Court held that it was entitled to recover the sum of $5,840.23, and in this it was affirmed by this Court. Union Bleachery v. United States, 4 Cir., 79 F.2d 549, 102 A.L.R. 204. In this opinion there was no discussion of the right of the plaintiff to recover as the taxpayer.

On December 7, 1927, a deficiency notice was sent by the Commissioner of Internal Revenue, here referred to as the respondent, addressed to the petitioner as "successor to Union Bleaching and Finishing Company Post Office Box 598, Greenville, South Carolina." This notice was sent in accordance with the provisions of Section 274 of the Revenue Act of 1926, c. 27, 44 Stat. 9, 55, which provides for a notice to the taxpayer, and fixed the deficiencies in the amounts and for the periods above set out. The petitioner then brought proceedings before the Board of Tax Appeals for redetermination of these deficiencies as a result of which the Board after a hearing held that it had jurisdiction and that the deficiencies as fixed by the respondent were correct. The petitioner has abandoned its objection to the deficiency assessed against it for the period June 30 to December 31, 1922, amounting to $152.38.

Four questions are presented for consideration.

First: Whether the Board of Tax Appeals lacked jurisdiction over the petition as amended. Second: Whether the tax is barred by the statute of limitations. Revenue Act of 1926, c. 27, 44 Stat. 9, 55, 58, 59, §§ 273, 274(a), 277(a) (2, 3), (b), and 278 (c), 26 U.S.C.A. § 271 et seq. Third: Whether the Commission erred in disallowing claimed additional deductions from the 1920 and 1921 income of the Union Bleaching & Finishing Company for items of equipment purchased and charged against depreciation reserves. Fourth: Whether the Commissioner erred in refusing to allow a deduction from 1921 income of the Union Bleaching & Finishing Company on account of income tax both imposed by and paid to the State of South Carolina during the year 1922.

■ As to the first question we are of the opinion that the Board of Tax Appeals had jurisdiction over the matters here involved. The petitioner took over all the assets of the predecessor company and conducted the same business at the same place with the same officers and stockholders. It repeatedly, in dealing with the Internal Revenue Department, represented itself as acting for and in place of its predecessor company, holding itself out as the taxpayer. It brought suit in its own name for the recovery of a refund due the old company and, in its petition to the Board of Tax Appeals for a review of respondent's determination of deficiencies, referred to itself as the taxpayer. It accepted notices directed to it as successor to the old company and in every way put itself in the old company's place for the purposes of handling all questions involved in the matter of taxation by the United States for the periods involved.

Under these facts the respondent was justified in sending the deficiency notice to the petitioner as successor to the old company.

"Shamrock Oil Company, the petitioner here, is and has been since the consolidation Shamrock Oil Company, the taxpayer, both because of the continuation in fact, if not in form, of the identity of the original association, and because in connection with and as a part of the consolidation an implied agreement arose that it would pay and discharge all debts. The government has and has had since the consolidation, the right to look to it for the taxes. All negotiations and agreements thereafter made with regard to the taxes were properly made with its officers. All proceedings taken with regard to the taxes were properly taken with it and with them [citing authorities] * * *; and this wholly without reference to questions of estoppel or misleading. When it is additionally shown, as here, that through a long course of years petitioner has been assuming to be, and acting upon that assumption the government has dealt with it as, the taxpayer, and that it commenced to claim otherwise only when, if it may now unsay what it has been saying, limitation has barred the claim, it is quite clear that it is now estopped to assume an inconsistent position. [Citing authorities.]" Shamrock Oil Co. v. Commissioner of Internal Revenue, 5 Cir., 77 F.2d 553, 555, certiorari denied 296 U.S. 632, 56 S.Ct. 155, 80 L.Ed. 449.

The respondent had a right under the circumstances to direct and send the deficiency notice of December 7, 1927, as he did and was justified in treating the petitioner as the taxpayer. The notice was a valid one and the petitioner by its actions is estopped from denying its validity.

■ As to the second question we are of the opinion that the tax is not barred by the statute of limitations. It is contended on behalf of the petitioner that the waivers of the period of limitations were not valid because signed by the petitioner as successor to the old company and not by the old company itself and that the old company was the real taxpayer and should have signed the waivers. For the same reasons above given to support the validity of the notice of deficiency, we are of the opinion that the waivers were valid. Having represented itself as the taxpayer, putting itself completely in the place of the old company, the petitioner is now, that the period of limitation has ended, estopped from denying the validity of the waivers signed.

As was said in Central Aguirre Sugar Co. v. United States, Ct.Cl., 2 F.Supp. 538, 544: "The contentions made in this case are of a highly technical nature, totally lacking merit in fact and in law and unmindful of the fact that 'Taxation, as it many times has been said, is eminently practical.' Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991, 69 A.L.R. 758."

In the case of Helvering, Commissioner, v. Newport Co., 291 U.S. 485, 54 S.Ct. 480, 78 L.Ed. 929, the Supreme Court, under the

facts in the case, held that a waiver given in the name of a dissolved taxpayer corporation, but signed in the name of the successor corporation, was valid.

As to the third question the Board found that while it was entirely likely that the petitioner would be entitled to some deduction for the undepreciated value of the assets taken out of service, the petitioner had failed to produce any evidence on this point and therefore it was impossible for the Board to make any finding as to this deduction.

■ The petitioner kept an account covering reserve for depreciation and charged the expenditures here in question for the years 1920 and 1921 to that account as replacements. This system of bookkeeping was followed by the old company many years prior to the taxable period in controversy and is recognized as a proper method of accounting under Article 103 of Treasury Regulations 45 and 62 under the 1918 and 1921 Revenue Acts, (40 Stat. 1057; 42 Stat. 227). Under these circumstances the petitioner cannot complain because these items were not treated in a different way from that in which they had been treated under the long established accounting practice of the old company.

■ Petitioner's contention on this point is pure speculation about matters of fact, where the burden of proof was on it to establish the facts at the hearing before the Board, and there is nothing in the evidence to show that the respondent acted arbitrarily. Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623.

■ A taxpayer who claims additional deductions should establish the facts with regard to the claim with certainty and if he fails to do so cannot complain when his claims are disallowed. Burnet v. Houston, 283 U.S. 223, 51 S.Ct. 413, 75 L.Ed. 991. We are of the opinion that the decision of the Board on this point was correct.

As to the fourth question we are again of the opinion that the action of the Board was proper. As stated above both the petitioner and the old company kept their books upon the accrual basis of accounting. The item of $33,572.77 was paid the State of South Carolina in the year 1922 for the year 1921, pursuant to the provisions of an Act of the Assembly of that state, approved March 13, 1922 (South Carolina Statutes at Large, Act No. 502, Vol. 32, page 896), and during the same year, 1922, petitioner also paid the sum of $2,686.24, for the period January 1 to June 30, 1922. The respondent allowed both these items as deductions from the 1922 income as then claimed in the return of the old company, that being the year in which the payments were actually made.

■ It is contended on behalf of the petitioner that under the decision of the Supreme Court in United States v. Anderson et al., 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347, these payments were properly deductible from the income for the year 1921. We are of the opinion that the Anderson Case does not support petitioner's contention for the reason that in that case the law levying the tax was in effect and the taxes were accruable on the last day of the year in question though the amount of such taxes was not ascertained, returned, and paid until after the beginning of the next taxable year. The events from which liability was determined had occurred in the former year. Here there was no tax levied by the State of South Carolina or due the State of South Carolina on December 31, 1921, that could have been accrued at the end of the taxable year 1921. While it is true that a tax may accrue before it has been assessed that is true only where some liability exists at the time of accrual. For a discussion of the principle here involved see Fawcus Machine Company v. United States, 282 U.S. 375, 51 S.Ct. 144, 75 L.Ed. 397. The tax paid the State of South Carolina did not accrue in 1921 and was therefore not a proper deduction for that year. Ed Schuster & Co., Inc., v. Williams, 7 Cir., 283 F. 115.

We are of the opinion that the Board of Tax Appeals had jurisdiction over the matters here involved; that the tax liability of the petitioner is not barred by any statute of limitations; that the petitioner did not make such showing as would entitle it to any deductions for additional depreciation for the years 1920 and 1921; and that the payments made to the state of South Carolina for state income tax were not properly deductible from income for the year 1921.

The decision of the Board is accordingly affirmed.

Affirmed.