**UNION BLEACHERY v. UNITED STATES.**

No. 5871.

United States Court of Appeals
Fourth Circuit.

Argued June 15, 1949.

Decided Aug. 3, 1949.

Leonard Marshall, Washington, D. C., for appellant.

Frank J. Ready, Special Assistant to the Attorney General (Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack, Special Assistant to the Attorney General, Oscar H. Doyle, U. S. Attorney, Anderson, S. C., and Edward P. Riley, Assistant U. S. Attorney, Greenville, S. C., on the brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and CHESNUT, District Judge.

PARKER, Chief Judge.

This is an appeal by a taxpayer in an action instituted in the year 1933 to recover alleged overpayments of income taxes made for the years 1923 to 1928 inclusive. Taxpayer's contentions were (1) that its property had been undervalued for the purpose of computing depreciation deductions and that upon a proper valuation it

was entitled to additional deductions on that account, (2) that, for the years 1923, 1924 and 1925, its accounts receivable should not have been taken at face value but at cost or market, whichever was lower, as in the case of inventory, (3) that it was entitled to additional deductions for repairs to its properties, and (4) that it was entitled to additional deductions for certain donations and certain taxes paid to the State of South Carolina. It is unnecessary to go into the facts, as they are fully stated in the able and comprehensive opinion of the District Judge dated August 14, 1947, and reported in 73 F.Supp. 496. On July 21, 1948, the questions reserved in the opinion were passed upon and judgment was entered in favor of taxpayer for the sum of $1,732, representing additional deductions allowed for South Carolina taxes paid for the years 1924 and 1925 and business expenses and repairs for the year 1926, but denying all other claims; and from this judgment taxpayer has appealed.

■ The most important question which taxpayer raises, from the standpoint of amount involved, is that with respect to the valuation of its property for the purposes of computing depreciation; but we agree with the District Judge that the property was properly valued for this purpose by the commissioner and further that the decisions in Union Bleachery v. United States, 4 Cir., 79 F.2d 549, 102 A.L.R. 204, and Union Bleachery v. Com'r, 4 Cir., 97 F.2d 226, are controlling on that question. The commissioner allowed depreciation on the actual cost of properties as shown by taxpayer's books, with proper allowance for prior depreciation and at rates which the lower court properly found to be reasonable. The taxpayer sought to value the properties for purposes of depreciation by opinion evidence as to what they were worth based, not upon cost, but in large part upon earnings of subsequent years. We think that the basis of valuation adopted by the commissioner and approved by the court below was the correct one. It was the basis which the corporation itself had adopted in keeping its books and records and the one approved in the prior decisions to which we have referred.

■ The taxpayer insists that, because there was a corporate reorganization in 1922, the properties should be revalued as of that date. It appears, however, that the reorganization was nothing more than a shifting of charters and increase of stock, but with the same stockholders, holding the same proportionate interests in the reorganized corporation that they held in the old one. The new corporation merely stepped into the shoes of the old; and neither reason nor authority supports the view that, because of this tax exempt reorganization, the taxpayer may ignore what has been done by the old corporation, revalue its property and, out of nothing more than a charter and a few book entries, obtain the right to additional tax deductions. The claims for additional depreciation through a revaluing of the property of taxpayer were properly denied on the merits; but it should be noted, also, as pointed out in the opinion of the District Judge, that these claims for the years 1923, 1924 and 1925 were barred by the two year statute of limitations.

■ There is as little merit in taxpayer's contention with respect to its accounts receivable for the years 1923, 1924 and 1925. Taxpayer was on the accrual basis and took deductions for bad debts in the years in question. Having elected to treat its accounts in this way, it was precluded from asking that they be differently treated. Spring City Foundry Co. v. Com'r, 292 U.S. 182, 54 S.Ct. 644, 78 L.Ed. 1200; Charles C. Lewis Co. v. United States, D. C., 14 F.Supp. 471.

■■ The claims for deductions on account of repairs and contributions were barred by the statute of limitations, as pointed out in the opinion of the District Judge, since all of them were rejected more than two years prior to the institution of suit. Taxpayer seeks to bring itself within the two year period by pointing out that claims filed in April 1931 were not rejected until October 23, 1931, within the two year period; but, as to the repairs and contributions here involved, the claims of April 1931 merely reasserted claims already rejected, and it is clear that taxpayer may

not extend the statute of limitations for itself in this way. United States v. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405; Einson-Freeman Co. v. Corwin, 2 Cir., 112 F.2d 683, 684, certiorari denied 311 U.S. 693, 61 S.Ct. 75, 85 L.Ed. 449; 18th St. Leader Stores v. United States, 7 Cir., 142 F.2d 113, 115–116.

■ Taxpayer complains because the government was allowed to amend its answer and because its own motion for relief under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground of newly discovered evidence was denied; but these were matters resting in the sound discretion of the trial judge and there was nothing to indicate abuse of that discretion. The so-called "newly discovered" evidence, if received, could not have changed the result.

There was no error and the judgment appealed from will be affirmed.

Affirmed.