## FAXON v. RUSSELL.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 846. Submitted January 13, 1879. — Decided January 20, 1879.

*Arthur* v. *Davies*, 96 U. S. 135, followed.
*Arthur* v. *Rheims*, 96 U. S. 143, applied.

MR. CHIEF JUSTICE WAITE announced the judgment of the court.

The judgment in this case is reversed upon the authority of *Arthur* v. *Davies,* 96 U. S. 135, and the cause remanded for further proceedings in accordance with this decision. Upon another trial, however, no allowances can be made for the reduction of ten per cent claimed under Sec. 2. of the act of June 6, 1872, (17 Stat. 232,) that point having been decided adversely to the plaintiff in error in *Arthur* v. *Rheims,* 96 U. S. 143. *Reversed.*

Mr. *Charles Levi Woodbury* for plaintiff in error.

Mr. *Attorney General* for defendant in error.

---

## BETTS v. MUGRIDGE.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 870. Submitted January 6, 1879. — Decided January 13, 1879.

A bill of exceptions cannot bring up the whole testimony for review whether the case has been tried by the court, or by a jury.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This cause was tried by the court below without the intervention of a jury. The facts were not agreed upon and there is no special finding. No exceptions were taken to the rulings of the court in the progress of the trial, but all the evidence has been embodied in a bill of exceptions, and the only error assigned is that the general finding of the court was in favor of the defendant below when it should have been for the plaintiff. We have often decided that a bill of exceptions cannot be used to bring up the whole testimony for review when the case has been tried by the court, any more than when there has been a trial by jury. *Norris* v. *Jackson,* 9 Wall. 125, 128; *Insurance Co.* v. *Sea,* 21 Wall. 158.

*The judgment is affirmed.*

Mr. *Alfred B. Mason* for plaintiff in error.

Mr. *Charles M. Sturges* for defendants in error.