HENSEL *v.* UNITED STATES (No. 529).[1]

SEAMLESS FLEXIBLE COPPER TUBING.

Generally speaking, "pipe" implies an article tubular in form and rigid, while "tubing" implies an article that is flexible. Paragraph 151, tariff act of 1909, provides in precise language for flexible metal tubing or hose, and this being a more specific, definite enumeration than "copper pipes," the importation was dutiable not under paragraph 176 of that act, but under paragraph 151.

United States Court of Customs Appeals, October 12, 1911.

APPEAL from Board of United States General Appraisers, Abstract 24104 (T. D. 31020).

[Affirmed.]

*John Giblon Duffy* (*Joseph G. Kammerlohr* of counsel) for appellants.
*D. Frank Lloyd,* Assistant Attorney General (*Thomas J. Doherty* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

A consignment of seamless flexible copper tubing or hose imported at the port of New York was assessed for duty by the collector of customs at 30 per cent ad valorem under the provisions of paragraph 151 of the tariff act of August 5, 1909. The following is the part of the paragraph which is material to the case:

151. * * * Flexible metal tubing or hose, not specially provided for in this section, whether covered with wire or other material, or otherwise, including any appliances or attachments affixed thereto, thirty per centum ad valorem; * * *

The importers protested against the assessment in due time and form, and among other grounds of protest, which it is unnecessary to consider, set up that the merchandise was dutiable at 2 cents per pound under paragraph 176, which reads as follows:

176. Copper, in rolled plates, called braziers' copper, sheets, rods, pipes, and copper bottoms, two and one-half cents per pound; sheathing or yellow metal of which copper is the component material of chief value, and not composed wholly or in part of iron ungalvanized, two cents per pound.

The Board of General Appraisers overruled the protest and the importers appealed.

The collector found and the appraiser reported that the merchandise was seamless flexible metal hose or tubing. No evidence to the con-

---

[1] Reported in T. D. 31951 (21 Treas. Dec., 396).

trary was introduced on the hearing. The board finds and counsel for the importers admit that the goods are flexible copper tubing or hose. On this state of the record there is but one point presented for decision, Is flexible copper tubing or hose provided for in any paragraph or section of the tariff act other than paragraph 151? Counsel for the importers contend that flexible copper tubing or hose is specially provided for in paragraph 176. We think this contention can not be sustained, even if it be assumed that a proper basis for it was laid in the protest. Paragraph 176 fixes a duty of 2½ cents per pound on copper pipes, not on copper tubing, and much less on flexible copper tubing or hose. While the words "pipe" and "tube" are frequently used interchangeably, there is, after all, a distinction between them. Generally speaking, pipe implies an article of tubular form which is rigid and tubing an article which is flexible. (Standard Dictionary.) However, section 151, in precise language, provides for flexible metal tubing or hose, and we must consider this a more specific and definite enumeration of the article imported than one for "copper pipes."

The decision of the Board of General Appraisers is *affirmed*.