## HENNIG v. RICHEY.

(Circuit Court of Appeals, Eighth Circuit. April 22, 1912.)

No. 3,670.

APPEAL AND ERROR (§ 265*)—EXCEPTIONS TO FINDINGS OF FACT.

Findings of fact, made by a Circuit Court in an action at law in which a jury was waived, cannot be reviewed by the appellate court, in the absence of exceptions or requests for other findings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1536–1551; Dec. Dig. § 265.*]

In Error to the Circuit Court of the United States for the Eastern District of Oklahoma.

Action at law by Frank L. Richey against Walter Hennig. Judgment for plaintiff, and defendant brings error. Affirmed.

George S. Ramsey and C. L. Thomas, for plaintiff in error.
Benjamin F. Rice and Thomas D. Lyons, for defendant in error.

Before SANBORN, ADAMS, and CARLAND, Circuit Judges.

CARLAND, Circuit Judge. Richey sued Hennig in the superior court of Muskogee county, Okl., to recover the sum of $3,912.50, which he claimed was due him for labor performed and materials furnished in drilling for oil and gas. Hennig removed the case to the United States Circuit Court for the Eastern District of Oklahoma. In the Circuit Court a jury trial was waived, and the court, after hearing the evidence, made findings of fact and conclusions of law, upon

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which a judgment was rendered in favor of Richey for the amount claimed. Hennig has brought the case here by writ of error.

Seven errors are assigned, six of which relate to alleged errors of the court in finding the facts. As there were no exceptions to the findings, nor any requests made for specific or general findings, we cannot review the errors assigned, except one.

Assignment of error No. 7 alleges that error was committed by the trial court in refusing to admit in evidence a copy of a letter written by E. O. Boggs to John M. Crawford September 7, 1909. We do not stop to consider whether a sufficient foundation for the admission of said copy had been laid prior to its offer, as we are satisfied from an inspection of same that it had no relevancy to any issue in the case, and for this reason it was not error to exclude it.

Affirmed.