NATIONAL SURETY CO. v. UNITED STATES, for Use of HENDRIE & BOLTHOFF MFG. & SUPPLY CO.

(Circuit Court of Appeals, Eighth Circuit. October 21, 1912.)

No. 3,800.

APPEAL AND ERROR (§ 219*)—FINDINGS—OBJECTIONS—PRESENTATION IN TRIAL COURT.

In the absence of any request to find a fact specially, or to find generally for defendant, and a ruling thereon, and an exception taken, a general finding for plaintiff stands as the verdict of a jury, and an exception thereto presents no question for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1315–1324; Dec. Dig. § 219.*]

In Error to the District Court of the United States for the District of Colorado; Jacob Trieber, Judge.

Action by the United States, for the use of the Hendrie & Bolthoff Manufacturing & Supply Company, against the National Surety Company. Judgment for plaintiff, and defendant brings error. Affirmed.

George Q. Richmond, of Denver, Colo., for plaintiff in error.

Ernest Morris and William W. Grant, Jr., both of Denver, Colo., submitted a brief for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and W. H. MUNGER, District Judge.

CARLAND, Circuit Judge. This is an action at law upon a bond executed by the Surety Company. The case was tried to the court, a jury being waived. At the conclusion of all the evidence the court found generally for the plaintiff, assessing the damages at $3,506.33, including interest. An exception was taken and allowed to the general finding.

The assignments of error complain of nothing except the finding of the court. There was no request made to the court by counsel for the Surety Company to find the fact specially, nor was there any request made to the court to find generally for the defendant. In the absence of any such request, and a ruling thereon, and exception taken, the general finding of the court stands as the verdict of a jury, and an exception to it presents no question for review.

The correctness of the proposition here stated has been decided so many times by the Supreme Court, and this court, that it would seem unnecessary to cite cases. The following, however, are among the cases in the Supreme Court; Stanley v. Supervisors, 121 U. S. 535,

7 Sup. Ct. 1234, 30 L. Ed. 1000; Santa Anna v. Frank, 113 U. S. 339, 5 Sup. Ct. 536, 28 L. Ed. 978; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373; Boardman v. Toffey, 117 U. S. 271, 6 Sup. Ct. 734, 29 L. Ed. 898; Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; Cooper v. Omohundro, 19 Wall. 65, 22 L. Ed. 47; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862; Betts v. Mugridge, 154 U. S. 644, Appx., 14 Sup. Ct. 1188, 25 L. Ed. 157; Insurance Co. v. Sea. 21 Wall. 158, 22 L. Ed. 511. In this court, among others, are the following: Hoge et al. v. Magnes, 85 Fed. 355, 29 C. C. A. 564, and cases there cited; Supreme Lodge Knights of Pythias v. England, 94 Fed. 369, 36 C. C. A. 298; Hennig v. Richey, 196 Fed. 779.

The judgment, therefore, of the District Court must be affirmed; and it is so ordered.