## KNAUTH, NACHOD & KUHNE *v.* UNITED STATES (No. 929).[1]

CALFSKINS TANNED OR TANNED AND DRESSED.

> The merchandise was invoiced as "dull black lining calf leather." Of the two competing provisions, "grain leather" as used in paragraph 450, tariff act of 1909, and "calfskins tanned or tanned and dressed" in paragraph 451, the latter phrase is the more specific and controls here.—Worsdell & Co. *et al. v.* United States (2 Ct. Cust. Appls. 270; T. D. 31977); Tilge *v.* United States (2 Ct. Cust. Appls. 129; T. D. 31662).

United States Court of Customs Appeals, March 21, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29047 (T. D. 32681).

[Affirmed.]

*Brown & Gerry* for appellants.

*William L. Wemple*, Assistant Attorney General (*Martin T. Baldwin*, special attorney, of counsel; *Charles D. Lawrence*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The merchandise is invoiced as "dull black lining calf leather." It was made from whole (not split) calfskins to be used for lining leather bags and is shown by the record to be tanned and dressed.

---

[1] Reported in T. D. 33307 (24 Treas. Dec., 490).

Duty was laid thereupon as "calfskins * * * · tanned and dressed," under the provisions of paragraph 451 of the tariff act of 1909. The appellants protested and, their protest having been overruled by the Board of General Appraisers, appealed to this court, asserting that the goods are dutiable as "grain leather" under the proviso to paragraph 450, reading as follows:

450. * * * *Provided,* That on and after October first, nineteen hundred and nine, grain, buff, and split leather shall pay a duty of seven and one-half per centum ad valorem; that all boots and shoes, made wholly or in chief value of leather made from cattle hides and cattle skins of whatever weight, of cattle of the bovine species, including calfskins, shall pay a duty of ten per centum ad valorem; that harness, saddles and saddlery, in sets or in parts, finished or unfinished, composed wholly or in chief value of leather, shall pay a duty of twenty per centum ad valorem.

A careful reading of the record and briefs in this appeal convinces us that the issues here raised were determined by this court in Worsdell & Co. *et al. v.* United States (2 Ct. Cust. Appls., 270; T. D. 31977) and Tilge *v.* United States (2 Ct. Cust. Appls., 129; T. D. 31662), and we find no reason to declare differently.

Moreover, were this not true, there is squarely presented here for determination which of the two competing provisions of the law is the more specific, "grain leather" as used in paragraph 450, or "calfskins tanned or tanned and dressed, * * * not specially provided for in this section," as used in paragraph 451.

The greater specificity of the latter phrase in language seems conceded, but it is claimed by appellants that the former is an exclusive phrase used by Congress intended to cover a group of articles to the exclusion of all other paragraphs of the law; and, further, that the words "not specially provided for" following the latter phrase reduces its specificity below that of the former.

We find nothing in the text of the law assigning the former phrase that exclusive character the ground of decision in Magone *v.* Heller (150 U. S., 70), or in United States *v.* Reiss & Brady (136 Fed., 741), or in Brennan *v.* United States (136 Fed., 743). On the contrary, contrasted with the latter phrase, the reverse seems more within the purposes of Congress.

That the words "not specially provided for," following "calfskins tanned or tanned and dressed," do not lessen the relative specificity of the modified *phrase itself* when contrasted with other competing provisions of the law is well settled. Arthur *v.* Lahey (96 U. S., 112); Hensel *v.* United States (2 Ct. Cust. Appls., 221; T. D. 31951); United States *v.* Schwarz (140 Fed., 302); Thomas *v.* Schwarz (140 Fed., 989); United States *v.* Knauth, Nachod & Kuhne (150 Fed., 610); Hall et al. *v.* United States (136 Fed., 774); Thomas *v.* Wanamaker (129 Fed., 92); Faxon *v.* Russell (154 U. S., 644); Arthur *v.* Rheims (96 U. S., 143); Arthur *v.* Davies (96 U. S., 135).

*Affirmed.*