## UNITED STATES *v.* MEYER & LANGE (No. 1788).[1]

1. CONSTRUCTION, PARAGRAPH 201, TARIFF ACT OF 1913—"SAUCES OF ALL KINDS."
   The language "sauces of all kinds" (par. 201, tariff act of 1913) includes not only dressings or condiments used with meat, fish, or vegetables, but also numerous things made chiefly of fruit pulp and many other products of culinary skill, such as sauces for puddings and various other dressings or preparations used at meals.
2. CONSTRUCTION—"NOT SPECIALLY PROVIDED FOR."
   The effect of the term "not specially provided for," although serving to direct attention to the fact that other paragraphs may cover the merchandise the provision for which is modified by this term, is not such as to lessen the specificity of the language it modifies.—Knauth, Nachod & Kuhne *v.* United States (4 Ct. Cust. Appls., 58; T. D. 33307).
3. CONSTRUCTION—PARAGRAPHS 201 AND 217, TARIFF ACT OF 1913—RELATIVE SPECIFICITY—"SAUCES" AND "FRUITS, PRESERVED."
   The term "sauces of all kinds" (par. 201, tariff act of 1913) is narrower than the term "fruits, preserved" (par. 217).
4. MELBA SAUCE.
   Merchandise known commercially as "Melba sauce" (a liquid which flows quite freely, is sweetish to the taste, contains a pulpy substance or something which simulates it, and has a raspberry flavor), used as a sauce, dressing, or preparation to be poured over and eaten with fruit, such as peaches, pears, etc., is dutiable as "sauces of all kinds" (par. 201, tariff act of 1913), and not as "fruits, preserved" (par. 217).

### United States Court of Customs Appeals, April 19, 1917.

APPEAL from Board of United States General Appraisers, G. A. 7978 (T. D. 36766). [Reversed.]

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, of counsel), for the United States.

*Allan R. Brown* for appellees.

[Oral argument, Feb. 9, 1917, by Mr. Hanson and Mr. Brown.]

Before MONTGOMERY, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise here is known as "Melba sauce." As to what in fact it is, the record is not conclusive. The board held, in view of the testimony, that it was like the commodity before it in Meyer & Lange *v.* United States, G. A. 7825 (T. D. 35950), in which case the board stated in its opinion that the testimony was of very little assistance in determining the classification, but upon the sample it said, "we judge it is the pulp of the raspberry, together with its juice and probably added sugar. The seeds of the berry seem to

_____

[1] T. D. 37163 (32 Treas. Dec., 448).

have been extracted. The substance flows readily and is of about the same consistency as a thin jam."

In the instant case this description was quoted by the board with apparent approval. Indeed, as we understand the record, the typical sample of the merchandise in the case at bar is the identical article that was before the board in the former case.

The sample before us is in fact a liquid which flows quite freely, is sweetish to the taste, contains a pulpy substance or something which simulates it, and has a raspberry flavor.

Its conceded use seems to be as a sauce, dressing, or preparation to be poured over and eaten with fruit, such as peaches, pears, etc. There is no testimony as to the manner of production or methods employed therein. It was assessed for duty under paragraph 201 of the tariff act of 1913, from which the importers appealed. The board sustained the protest which claimed classification under paragraph 217 of the same act.

We insert here the material parts of the respective paragraphs:

201. Pickles, including pickled nuts, sauces of all kinds, not specially provided for in this section, and fish paste or sauce, 25 per centum ad valorem.

217. * * * Comfits, sweetmeats, and fruits of all kinds preserved or packed in sugar, or having sugar added thereto, or preserved or packed in molasses, spirits, or their own juices, if containing no alcohol, or containing not over 10 per centum of alcohol, 20 per centum ad valorem; * * *; jellies of all kinds, * * *; pineapples preserved in their own juice, * * *.

The Government, appellant here, insists that the merchandise is a sauce in fact and is known by no other name; hence that classification must be had under paragraph 201. The importers urge that the merchandise is not a sauce in the tariff sense because in such sense, as held by the board, that term covers only "such sauces as are used as relishes upon meat and vegetables, such as would contain spices and salt and have a pungent taste, possibly with an acidity beyond and different from that found in fruit sauce used as desserts." The importers further urge that even if the merchandise be properly included in the meaning of the term "sauces of all kinds," as used in the paragraph, nevertheless it is not dutiable thereunder because it is otherwise specially provided for in paragraph 217 as "fruits of all kinds preserved or packed in sugar, or having sugar added thereto, or preserved or packed in molasses, spirits, or their own juices, if containing no alcohol," etc. It is not claimed that alcohol is present in the importation within the meaning of that paragraph.

We naturally consider first the meaning of the word "sauce." A fairly typical definition thereof as applicable to the issues in this case may be found in the Century Dictionary, as follows:

Sauce.—1. A condiment, as salt or mustard; now, usually, an accompaniment to food, usually liquid or soft, and highly seasoned or flavored, eaten as a relish, an

appetizer, or a digestive: as mint *sauce;* white *sauce;* * * *. 3. Fruit stewed with sugar; a compote of fruit: as apple *sauce.*

We think the word as commonly used and understood may have one or the other of these meanings.

In Bogle *v.* Magone (152 U. S., 623) the Supreme Court considered the meaning of the word "sauces" as employed in a paragraph of Schedule G of the tariff act of 1883, which reads as follows:

Pickles and sauces, of all kinds, not otherwise specially enumerated or provided for

The court stated Webster's primary definition of "sauce" as a "mixture or composition to be eaten with food for improving its relish; a relishing condiment; appetizing addition to the principal material of a dish," and also an addition thereto of later date, as "stewed or preserved fruit, eaten with other food as a relish; as apple sauce, cranberry sauce, etc.," concerning which it said:

In the tariff act of 1883, the clause relating to "sauces of all kinds" (unless affected by other clauses in the act, or by commercial usage) may well be held to include all substances, whether solid or liquid, fairly coming within either of these two definitions.

We have no hesitation in concluding that the term "sauces," in the paragraph under review before us may be given a wider application than that adopted by the board as hereinbefore quoted. To what articles it may be applied, however, obviously may depend upon proof, including that of commercial designation, all to be considered in the light of congressional intent as manifested in other provisions of the tariff law, for the words "not specially provided for" in paragraph 201 indicate (as we have many times had occasion to remark when this term in other paragraphs has been under examination) that other provisions may be found covering the same merchandise.

While it may be probable that when the word "sauce" first came into use it was applied to a dressing or condiment used on or with meat or fish and later to articles employed to season vegetables, we think in modern times it is in addition so generally understood to cover not only numerous things made chiefly of fruit pulp, but also many other products of culinary skill, such as sauces for puddings and various other dressings or preparations used at meals, that it will not do to say that the common meaning of the word—and it must be interpreted in that sense in tariff statutes unless a different commercial meaning is established—must be limited as suggested by the board.

A provision for sauces has been contained in tariff laws for many years. Without going further back, it may be observed that in the act of 1846, as well as that of 1862, paragraphs provided for "capers, pickles, and sauces of all kinds not otherwise provided for." (See Schedule C of the former and section 13 of the latter act.) The

statute of 1883 (Schedule G) contained practically the same provision. In the act of 1890 another paragraph in the act of 1883 was combined therewith, so that the provision, paragraph 287, was for "vegetables of all kinds, prepared or preserved, including pickles and sauces of all kinds, not specially provided for."

In the act of 1894, paragraph 198 provided for certain "and other vegetables, prepared or preserved, * * * and pickles and sauces of all kinds." In paragraph 241 of the act of 1897 the language of paragraph 198 of 1894 was employed, except that the term "all vegetables" was substituted for "vegetables of all kinds." Under the acts of 1890 and 1897 (as to 1894 we do not know) it was held— and we presume the administrative practice was in accordance therewith—that the language of the statute required the sauces to be made chiefly of vegetables, not including therein fruits or berries. G. A. 4931 (T. D. 23075); G. A. 561 (T. D. 11202); In re Johnson et al. (56 Fed., 822).

In the tariff act of 1909 Congress returned substantially to the language of the act of 1883, hereinbefore quoted, the pertinent paragraph thereof (253) being, except for the rate of duty, identical with that of paragraph 201 of the act of 1913 here invoked.

The Government argues that the word "sauces" as used in the present statute should be given the interpretation which the Supreme Court in the Bogle case, supra, said might be given that word in the parent act of 1883. We think, unless it shall be found that by the provisions of other paragraphs Congress has limited this meaning, it must be applied as the Government contends.

Confessedly it seems, at least at first blush, that this article, "Melba sauce," so known and only so known and referred to, might well be held to be a sauce within the meaning of the statute. The significance, if any, of the word "Melba" is not shown. Whether it ever was a trade-mark or was derived from the name of its originator, we know not. It does not suggest any limitation of the meaning of the word "sauce" as applied to the commodity in this case, the designed use of which is, as already stated, "to be poured over and eaten with fruit, such as peaches, pears, etc.," constituting it an appetizing dressing for food.

As already stated, however, the importers claim that, if held to be a sauce, the article here is nevertheless classifiable under paragraph 217, because therein more specifically provided for.

In support, of this position the importers argue that while paragraph 201 provides for "sauces of all kinds," paragraph 217 with equal explicitness provides for "fruits of all kinds" preserved, etc., and that in addition the provision in the first-named paragraph is limited by the expression "not specially provided for."

Upon this state of the law we omit the comprehensive effect of the words "of all kinds" from the consideration of the question because its force in the one is offset by its effect in the other paragraph. We then have the word "sauces" followed by the "not specially provided for" provision contrasted with "fruits preserved or packed in sugar," etc., and the question is which shall govern. The effect of the term "not specially provided for," although serving to direct attention to the fact that other paragraphs may cover the merchandise the provision for which is modified by this term, is not such as to lessen the relative specificity of the language it modifies. Knauth, Nachod & Kuhne *v.* United States (4 Ct. Cust. Appls., 58; T. D. 33307) and cases cited.

Contrasting "sauces" and "fruits preserved," etc., we think the former is the narrower term. While some fruits preserved *may be* known as *sauces* or may be shown to be used as such within the definition of that word adopted in the Bogle case, supra, it is clear that there are many such that would not ordinarily be so known or so used *in the condition imported.*

In the case at bar the merchandise not only possesses the name sauce but its only and conceded use is as a sauce.

Upon the record we think it must be held to be that which it is called and known and as and for which in fact it is used.

We are not unmindful of the decisions cited and relied upon in support of the view which obtained before the board, all of which and many others have been carefully considered. In none of them, so far as we can discover, was the question presented the same as upon this record.

We think the judgment of the Board of General Appraisers ought to be, and it is, *reversed.*