YUEN & CO. ET AL. v. UNITED STATES (No. 1908).[1]

1. CONSTRUCTION, PARAGRAPH 201, TARIFF ACT OF 1913—"SAUCES."

Flavoring materials which are used *exclusively* in the kitchen for the cooking or preparation of foods are not sauces within the meaning of paragraph 201, tariff act of 1913, because that term as now understood does not include relishes which are not served on the table for individual use. It is not true, however, that sauces cease to be sauces if they are used *in greater quantity* in the kitchen than on the table.

2. SOY.

Thin Chinese soy, made by mixing cooked soy beans with wheat flour, salt, and water and exposing to the sun for about three months, used to flavor and color soups, fish, and meats, about 80 per cent being used in the kitchen and about 20 per cent on the table, is dutiable as a sauce under paragraph 201, tariff act of 1913, and not as a miscellaneous manufacture under paragraph 385.

[1] T. D. 37976 (36 Treas. Dec., 312).

United States Court of Customs Appeals, April 1, 1919.

APPEAL from Board of United States General Appraisers, G. A. 8141 (T. D. 37549).

[Affirmed.]

*Frank L. Lawrence* (*Thomas M. Lane* of counsel) for appellants.

*Bert Hanson,* Assistant Attorney General (*Irving Washburn,* special attorney, of counsel), for the United States.

[Oral argument Jan. 16, 1919, by Mr. Lane and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Thin Chinese soy imported by some 35 importers at the ports of San Francisco and Portland was classified by the collectors of customs of both ports as a sauce, and the merchandise was accordingly assessed for duty at 25 per cent ad valorem under that part of paragraph 201 of the tariff act of 1913 which reads as follows:

201. * * * Sauces of all kinds, not specially provided for in this section, * * * 25 per centum ad valorem.

The importers protested that the importation was not a sauce and claimed that thin Chinese soy was a nonenumerated manufactured article dutiable at 15 per cent ad valorem under that part of paragraph 385 which reads as follows:

385. That there shall be levied, collected, and paid * * * on all articles manufactured, in whole or in part, not provided for in this section, a duty of 15 per centum ad valorem.

- The Board of General Appraisers overruled the protest and the importers appealed.

It appears from the testimony that soy is made by mixing the cooked soy bean after cooling with wheat flour, salt, and water and then exposing the mixture to the sun for a period of about three months, which treatment apparently sets up a fermentation that produces the article known to us as Chinese soy.

The testimony is uncontradicted that 80 per cent of thin Chinese soy is used in the kitchen to flavor and color soups, fish, and meats and that 20 per cent is served on the table in order that the individual may season his food to suit his particular taste.

The importers contend that an article of that kind is not a sauce for customs purposes, because it is chiefly used in the kitchen and not on the table. We are of the opinion that the article imported is a sauce, notwithstanding the fact that 80 per cent of it is used in the kitchen and only 20 per cent on the table. Flavoring materials which are used *exclusively* in the kitchen for the cooking or preparation of foods are, it is true, not sauces, because that term as now understood does not include relishes which are not served on the table for individual use. United States *v.* Meyer & Lange (8 Ct. Cust. Appls., 27; T. D. 37163); United States *v.* Wo On & Co. (167

Fed., 314–315; Bogle v. Magone (152 U. S., 623–625, 626). It is not true, however, that sauces cease to be sauces if they are used *in greater quantity* by the cook than by those who eat the food which he prepares.

It is a matter of common knowledge that sauces are extensively used in the preparation of foods, not only to flavor and color fish and meats but in the making of special dressings for those and other dishes. It may well be, therefore, that the kitchen use of some of the recognized sauces exceeds their use at the table. Nevertheless, such condiments are entitled to the name of sauce inasmuch as they retain all the characteristics of sauces and accomplish the very same purpose. whether they are employed in the kitchen or served on the table. In brief, a sauce may be used in cooking and still be a sauce. United States v. Wo On & Co., supra.

As thin Chinese soy is a liquid preparation which is composed of a mixture of substances and is served on the table in order that foods may be seasoned to please the individual palate it meets even the most restricted definition of a sauce. Indeed, it is so denominated by all of the witnesses for the importers.

The point made that the merchandise is not chiefly used as a sauce and consequently is not dutiable as a sauce is not well taken. In reaching that conclusion we have not taken into consideration nor do we decide whether name or use determines the classification of a sauce chiefly used for some other purpose. We simply hold that the evidence in this case does not warrant a finding that soy has a chief use, which is not that of sauce. The testimony goes no further than to establish that the importation is used in much greater quantities in the kitchen than it is on the table, which proves that thin soy is used in larger measure by the cook than it is at meals and nothing more. Evidence of that kind is no proof at all that the purpose for which the merchandise is employed in the kitchen differs in any way from that to which it is devoted at the table. To hold otherwise would result in ignoring the fact that sauces may be and are used in both places.

Some of the witnesses did testify that in the kitchen soy was used both as a flavoring and as a coloring material, but none of them pretended to say that its chief use was to please the eye rather than the palate.

We find that thin Chinese soy is a sauce, and as sauces are provided for by name we can not under the circumstances hold that the merchandise is dutiable as a manufacture which has not been enumerated or provided for.

The decision of the Board of General Appraisers is therefore *affirmed.*