(C. D. 1671)

NATIONAL BISCUIT CO. v. UNITED STATES

United States Customs Court, Second Division

(Decided January 13, 1955)

*Eugene R. Pickrell* (*Richard F. Weeks* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Richard H. Welsh*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: The collector of customs classified certain parts of a so-called Vicars continuous cutting machine as devices for controlling speed, pursuant to the provisions of paragraph 368 (a) (1) (2) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 368 (a) (1) (2)), and duty was imposed thereon at the rate of $4.50 each, plus 65 per centum ad valorem.

Plaintiff claims that the articles are properly classifiable as parts of machines, not specially provided for, in paragraph 372 of said act (19 U. S. C. § 1001, par. 372), as modified by the General Agreement on Tariffs and Trade (82 Treas. Dec. 305, T. D. 51802), and dutiable at the rate of 15 per centum ad valorem.

The pertinent text of the statutes involved are here set forth—
Paragraph 368 of the Tariff Act of 1930:

PAR. 368. (a) Clocks, clock movements, including lever movements, clock-work mechanisms, time-keeping, time-measuring, or time-indicating mechanisms, devices, and instruments, synchronous and subsynchronous motors of less than one-fortieth of one horsepower valued at not more than $3 each, not including the value of gears or other attachments, and any mechanism, device, or instrument intended or suitable for measuring time, distance, speed, or fares, or the flowage of water, gas, or electricity, or similar uses, or for regulating, indicating, or controlling the speed of arbors, drums, disks, or similar uses, or for recording or indicating time, or for recording, indicating, or performing any operation or function at a predetermined time or times, all the above (except the articles enumerated or described in paragraph 367), whether or not in cases, containers, or housings:

(1) If valued at not more than $1.10 each, 55 cents each; valued at more than $1.10 but not more than $2.25 each, $1 each; valued at more than $2.25 but not more than $5 each, $1.50 each; valued at more than $5 but not more than $10 each, $3 each; valued at more than $10 each, $4.50 each;

(2) any of the foregoing shall be subject to an additional duty of· 65 per centum ad valorem;

\*        \*        \*        \*        \*        \*        \*

Paragraph 372 of said act, as modified by the General Agreement on Tariffs and Trade, *supra*:

Machines, finished or unfinished, not specially provided for:

\* \* \* \* \* \* \*

Other (except wrapping and packaging machines; food grinding or cutting machines; machines for determining the strength of materials or articles in tension, compression, torsion, or shear; machines for making paper pulp or paper; machines for manufacturing chocolate or confectionery; and internal-combustion engines) _____ 15% ad val.

Parts, not specially provided for, wholly or in chief value of metal or porcelain, of articles provided for in any item 372 of this Part:

\* \* \* \* \* \* \*

Other_____ The same rate of duty as the articles of which they are parts

It appears from the record that the Vicars continuous cutting machine is used to cut dog biscuits, and the imported parts with which we are here concerned consist of various items of so-called drives, designated as back-apron drive, front-apron drive, sheeter drive, top-roll drive, main drive, and cutter drive. It is immaterial, therefore, that counsel for both sides during the trial referred to the items as "discs" while a witness identified them as "variable speed units."

Two witnesses were called by the plaintiff; none by the defendant.

Albert L. McLane testified that he was employed by the plaintiff company and placed the order for the subject merchandise. The order was produced and marked plaintiff's exhibit 1 for identification and was later received in evidence. The original commercial invoice was also produced and marked plaintiff's exhibit 2 for identification.

Arthur A. Moorhead testified that he was the assistant mechanical superintendent at the Milk Bone Bakery of plaintiff; that the bakery produces dog biscuits and that, during the past 11 years, he had supervised the maintenance of the machinery used in the bakery; that he was familiar with the operation, performance, and function of the Vicars continuous cutting machine, having participated in its installation when it was brought into this country in 1929, and had been responsible for its maintenance.

Moorhead identified the imported device which he described as a variable speed unit whereby one part of the cutting machine can be synchronized with the other parts; that the main drive is a set of four "discs" mounted two on each shaft connected by a belt, which latter can be either raised or lowered in a single manual operation, thereby increasing or decreasing the speed of the shafts. He also testified that there is a chain drive from the main drive to the sheeter drive and that this can be slowed down to adjust the speed of the rolls; that there is another chain drive to an apron drive, which is operated manually to adjust the speed of the apron, and the same can

be done to the cutter to keep the cutter in unison with the speed of the apron; that, if the cutter is slowed up too much, it would be cutting the biscuit, instead of the dough; that a chain of gears is installed in the machine in order that a desired speed can be arrived at to bring the dough out from between the rollers at a thickness of 1½ inches. Said gears, however, are not a part of the importation.

It appears further from Moorhead's testimony that the imported drives are so related to one another as to synchronize all of the parts of the machine to a desired speed, this being done by a wheel and a screw, manually operated. If it is desired to slow down the shaft, the belt is raised on the driven shaft and, at the same time, the shaft on the other end of the drive will be accelerated, while if the belt is lowered on the driven shaft, the speed on the back drive is decreased.

The record further establishes that the cutting machine has movable parts composed of metal; that they transmit motion from one part to another; that they are permanently fastened to the shaft contained in the mechanism itself, which produces the dog biscuits; and that the machine could not function without such parts.

Plaintiff contends that since the function of the involved drives is primarily to synchronize the several moving parts of the cutting machine they perform no function of measurement nor do they bear any similarity to clocks or clock movements; that they are neither synchronous nor subsynchronous motors and are not "mechanisms, devices, and instruments * * * intended or suitable for * * * regulating, indicating, or controlling the speed of arbors, drums, disks, * * *."

It is pointed out that since the function of the speed units of which the drives form a part is "to synchronize all the parts of the machine according to the desired speed," which is done by a screw and a wheel manually operated, it is not a "similar use" within the intendment of said paragraph 368, citing *United States* v. *Bacharach Industrial Instrument Co.*, 13 Ct. Cust. Appls. 262, T. D. 41203. In that case, the court expressed the opinion that paragraph 368 of the Tariff Act of 1922 was confined to devices which function automatically, such as meters, and devices to control the speed of certain specified articles, also to articles, like alarm clocks, which perform some function at a predetermined time. There is nothing contained in the terminology of paragraph 368 as reenacted in the Tariff Act of 1930 which would tend to vary the controlling effect of the decision in the *Bacharach* case, *supra*.

On the uncontradicted evidence before us, it is our view, and we so hold, that the drives in controversy which, when attached to a Vicars continuous cutting machine, by manual manipulation only, synchronize the movable parts of the machine to enable the mechanism to perform its intended function effectively, are not, for duty pur-

poses, devices for controlling speed in said paragraph 368 (a) (1) (2), as classified by the collector. They are parts of machines, not specially provided for, in paragraph 372 of the Tariff Act of 1930, as modified, *supra*, dutiable at the rate of 15 per centum ad valorem, as claimed by plaintiff. That claim in the protest is, therefore, sustained. All others are overruled.

Judgment will issue accordingly.